FILED

99 JUL 21 PM 2: 19

... ... ... T COURT
... ... ... F FLORIDA
... ... FLORIDA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### (Tampa Division)

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | 95-1583-CIV-T-23-B |
| v. | : | |
| | : | |
| EXCAL ENTERPRISES, INC., | : | FINAL JUDGMENT |
| (formerly known as Assix Int'l), | : | AS TO |
| et al., | : | RICHARD I. BREWER |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff SECURITIES AND EXCHANGE COMMISSION (the
"COMMISSION"), having duly commenced this action by filing its
Amended Complaint, and defendant RICHARD I. BREWER (``BREWER"), in
his CONSENT AND UNDERTAKING OF RICHARD BREWER (the "CONSENT"),
having consented to the jurisdiction of this Court over him for
purposes of this action, having admitted the jurisdiction of this
Court over the subject matter of this action, having waived the
entry of findings of fact and conclusions of law pursuant to Rule
52 of the Federal Rules of Civil Procedure, and, without admitting
or denying any of the allegations of the Amended Complaint, except
as to subject matter jurisdiction, which he admits, and without
trial, argument or adjudication of any issue of fact or law,
having consented to the entry of this FINAL JUDGMENT permanently
restraining and enjoining BREWER from directly or indirectly
violating Section 10(b) of the Securities Exchange Act of 1934

262

("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rules 10b-5, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2] thereunder, and it further appearing that this Court has jurisdiction over BREWER and the subject matter hereof, and the Court being fully advised in the premises:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that RICHARD BREWER shall be permanently restrained and enjoined from directly or indirectly violating Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rules 10b-5, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2] thereunder, by directly or indirectly, using any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(1)   to employ any device, scheme, or artifice to defraud;

(2)   to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statement made, in light of the circumstances under which they were made, not misleading; or

(3)   to engage in any act, practice, or course of business which operates or would operate in connection with the purchase or sale of any security.

II.

2

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the annexed
CONSENT be, and the same hereby is, incorporated herein by
reference with the same force and effect as if fully set forth
herein.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that based upon
BREWER's sworn representations to the COMMISSION in his Statement
of Financial Condition dated November 23, 1998, and submitted to
the Commission, the Court is not ordering BREWER to pay a civil
penalty pursuant to Section 21(d)(3) of the Exchange Act [15
U.S.C. §78u(d)(3)].  The determination not to impose a civil
penalty is contingent upon the accuracy and completeness of
BREWER's Statement of Financial Condition.  If at any time
following the entry of FINAL JUDGMENT, the COMMISSION obtains
information indicating that BREWER's representations to the
COMMISSION concerning his assets, income, liabilities and net
worth were fraudulent, misleading, inaccurate or incomplete in any
material respect as of the time such representations were made,
the COMMISSION may, at its sole discretion, and without prior
notice to BREWER, petition this Court for an order imposing a
civil penalty.  In connection with any such petition, the only
issues shall be whether the financial information provided by
BREWER was fraudulent, misleading, inaccurate or incomplete in any
material respect as of the time such representations were made,

3

and the amount of the civil penalty to be imposed.   In any such
petition, the COMMISSION may move this Court to consider all
available remedies, including, but not limited to, ordering BREWER
to pay funds or assets, directing the forfeiture of any assets, or
sanctions for contempt of this Court's FINAL JUDGMENT, and the
COMMISSION may also request additional discovery.   BREWER may not,
by way of defense to such petition, challenge the validity of this
CONSENT or the FINAL JUDGMENT, contest the allegations in the
COMPLAINT filed by the COMMISSION or assert that payment of a
civil penalty should not be ordered.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court
shall retain jurisdiction of this matter for the purposes of
enforcing the terms of this FINAL JUDGMENT.

Dated: 1/21/99

UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 95-1583-CIV-T-23-B |
| v. | : | |
| | : | |
| EXCAL ENTERPRISES, INC., et al., | : | CONSENT AND UNDERTAKING OF RICHARD BREWER |
| | : | |
| Defendants. | : | |

1.   Defendant RICHARD BREWER ("BREWER"), without admitting
or denying the allegations of the Amended Complaint, except as to
jurisdiction, which he admits, and without trial, argument or
adjudication of any issue of fact or law, consents to entry of a
Final Judgment of Permanent Injunction and Other Relief as to
Richard Brewer ("the FINAL JUDGMENT") in the form annexed hereto
and incorporated by reference herein, which, inter alia,
permanently restrains and enjoins BREWER from directly or
indirectly violating Section 10(b) of the Securities Exchange Act
of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rules 10b-5,
13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and
240.13b2-2] thereunder.

1

2.    Defendant BREWER waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3.    Defendant BREWER waives any right he may have to appeal from the entry of the FINAL JUDGMENT.

4.    Defendant BREWER agrees that he will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and he hereby waives any objection he may have based thereon.

5.    Defendant BREWER represents that this CONSENT is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the COMMISSION or any member, officer, employee, agent, or representative of the COMMISSION in consideration of this CONSENT or otherwise to induce him to submit this CONSENT.

6.    Defendant BREWER agrees that this CONSENT shall be incorporated into the FINAL JUDGMENT with the same force and effect as if fully set forth therein.

7.    Defendant BREWER acknowledges and agrees that the Court is not imposing a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], conditioned upon the accuracy and completeness of BREWER's sworn representations to the COMMISSION concerning his assets, income, liabilities and net

2

worth, as described in his sworn Statement of Financial Condition
dated November 23, 1998, and submitted to the COMMISSION.  BREWER
further consents that if at any time following the entry of FINAL
JUDGMENT the COMMISSION obtains information indicating that
BREWER's representations to the COMMISSION concerning concerning
his assets, income, liabilities and net worth were fraudulent,
misleading, inaccurate or incomplete in any material respect as of
the time such representations were made, the COMMISSION may, at its
sole discretion, and without prior notice to BREWER, petition the
Court for an order imposing a civil penalty.  In connection with
any such pleadings, the only issues shall be whether the financial
information provided by BREWER was fraudulent, misleading,
inaccurate or incomplete in any material respect as of the time
such representations were made, and the amount of the civil penalty
to be imposed.  In any such petition, the COMMISSION may move the
Court to consider all available remedies, including, but not
limited to, ordering BREWER to pay funds or assets, directing the
forfeiture of any assets, or sanctions for contempt of the Court's
FINAL JUDGMENT, and the COMMISSION may also request additional
discovery.  BREWER may not, by way of defense to such petition,
challenge the validity of this CONSENT or the FINAL JUDGMENT,
contest the allegations in the COMPLAINT filed by the COMMISSION or
assert that payment of a civil penalty should not be ordered.

3

8.   Defendant BREWER agrees that the FINAL JUDGMENT may be presented by the COMMISSION to the Court for signature and entry without further notice.

9.   Defendant BREWER waives service of the FINAL JUDGMENT entered herein upon him and agrees that entry of the FINAL JUDGMENT by the Court and filing with the Clerk in the United States District Court for the Middle District of Florida will constitute notice to him of the terms and conditions of such FINAL JUDGMENT.

10.   Consistent with the provisions of 17 C.F.R. § 202.5(f), defendant BREWER waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11.   Defendant BREWER understands and agrees to comply with the COMMISSION's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. §202.5(e)).  In compliance with this policy, Defendant BREWER agrees (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Brewer hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint.  If Defendant BREWER breaches this

4

agreement, the COMMISSION may petition the Court to vacate the
FINAL JUDGMENT and restore this case to its active docket.   Nothing
in this provision affects Defendant BREWER's (i) testimonial
obligations; or (ii) or right to take legal positions in litigation
in which the COMMISSION is not a party.

   12.   Defendant BREWER undertakes and agrees that, at the
COMMISSION's request, on reasonable notice and without service of
subpoena, he will testify at any judicial or administrative
proceeding arising as a result of the COMMISSION's investigation
entitled In the Matter of Assix International, Inc., File No. HO-
2644, and will submit to interviews with the COMMISSION staff in
anticipation of any such testimony.   Defendant BREWER will be
reimbursed by the COMMISSION for travel and lodging expense
reasonably necessary and incurred as permitted by law.

13.   Defendant BREWER agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the FINAL JUDGMENT.


Dated: ~~March~~ *APRIL* 14, 1999


*Richard Brewer*
Richard Brewer


On this *14* day of ~~March~~ *APRIL*, 1999, Richard Brewer, being known to me and who executed the foregoing CONSENT AND UNDERTAKING OF RICHARD BREWER, personally appeared before me and did duly acknowledge to me that he executed the same.

*Paula Marie Guerra*
Notary Public

My commission expires  6|4|2002

```
STATE OF FLORIDA          PAULA MARIE GUERRA
(NOTARY PUBLIC)           My Comm. Exp. 6/4/2002
                          No. CC 748365
                          [X] Personally Known [ ] Other I.D.
```

APPROVED AS TO FORM:

*John F. Lauro*
John F. Lauro, Esq.
100 E. Kennedy Blvd., Suite 3950
Tampa, FL 33602

Counsel for Defendant
RICHARD BREWER

6