UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.  95-1583-CIV-T-23-B
Hon. Judge Merryday

EXCAL ENTERPISES, INC., formerly
known as ASSIX INTERNATIONAL, INC.

Defendant.

## FINAL JUDGMENT OF PERMANENT INJUNCTION
## AS TO EXCAL ENTERPRISES, INC.

Plaintiff Securities And Exchange Commission ("Commission"), having duly commenced this action by filing its Complaint, and defendant Excal Enterprises, Inc. ("EXCAL"), in its Consent and Undertaking of Excal Enterprises, Inc. ("Consent"), having entered a general appearance herein, admitted the jurisdiction of this Court over it and over the subject matter of this action, waived the entry of findings of fact and conclusions of law pursuant to Fed. R. Civ. P. Rule 52, and without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, which defendant EXCAL admits, and without trial, argument or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment Of Permanent Injunction as to Excal Enterprises, Inc. ("Final Judgment") which permanently restrains and enjoins defendant EXCAL from violating Sections 10(b), 13(a), and 13(b)(2)(A) of the Securities Exchange Act of 1934 (Exchange Act), and Exchange Act Rules 10b-5, 13a-1, 13a-11, 13a-13, and

12b-20; and it further appearing that this Court has jurisdiction over defendant EXCAL and the subject matter hereof, and the Court being fully advised in the premises:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that defendant EXCAL, its agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Exchange Act Section 10(b) and Rule 10b-5 by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to:

(a) employ any device, scheme or artifice to defraud;

(b) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that defendant EXCAL, its agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by

personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act and Rules 13a-1, 13a-11, 13a-13 and 12b-20 thereunder, by failing to timely file annual and quarterly reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulation S-X, or by failing to include such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that defendant EXCAL, its agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act, by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of defendant EXCAL.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that defendant EXCAL shall comply with its undertakings that, in connection with this action or any related judicial or administrative action or investigation undertaken by or on behalf of, or authorized by, the Commission or to which the Commission is a party, (i) it will instruct its employees, agents and representatives to produce documents and reasonably

make themselves available for interviews upon the request of the Commission or its staff on a travel cost reimbursable basis as provided for by applicable federal regulations; and (ii) it will accept service by mail of subpoenas for any depositions, trials or hearings, and hereby waives the territorial limits on service set forth in Fed. R. Civ. P. Rule 45.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the annexed Consent be, and the same hereby is, incorporated herein by reference with the same force and effect as if fully set forth herein.

VI.

There being no just cause for delay, the Clerk of the Court is hereby directed, pursuant to Fed. R. Civ. P. Rule 54(b), to enter this Final Judgment forthwith.

_____
UNITED STATES DISTRICT JUDGE

Dated: Tampa, Florida
January 23RD, 2001