UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

R. PARK NEWTON III,

Defendant.

95-1583-CIV-T-23-B
Hon. Judge Merryday

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO R. PARK NEWTON III

Plaintiff Securities and Exchange Commission (the "Commission"), having duly commenced this action by filing its Complaint, and defendant R. Park Newton III ("NEWTON"), in his Consent and Undertaking of R. Park Newton III (the "Consent") having entered a general appearance herein, admitted the jurisdiction of this Court over him and over the subject matter of this action, waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, which defendant NEWTON admits, and without trial, argument or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment of Permanent Injunction and Other Relief as to R. Park Newton III (the "Final Judgment") which (i) permanently restrains and enjoins defendant NEWTON from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 13b2-1, 13b2-2, 16a-2 and 16a-3 thereunder, (ii) orders defendant NEWTON to pay a civil money penalty of $250,000

289

pursuant to Sections 21(d)(3) and 21A of the Exchange Act, and (iii) orders defendant NEWTON to disgorge unjust enrichment alleged in the Complaint of $80,000 plus prejudgment interest thereon in the amount of $75,000; and it further appearing that this Court has jurisdiction over defendant NEWTON and the subject matter hereof, and the Court being fully advised in the premises:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant NEWTON, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently enjoined and restrained from violating Section 17(a) of the Securities Act by, directly or indirectly, using any means or instruments of transportation or communication in interstate commerce or by use of the mails, to:

(a) employ any device, scheme or artifice to defraud;

(b) obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

## II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant NEWTON, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently enjoined and restrained from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to:

(a) employ any device, scheme or artifice to defraud;

(b) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## III.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant NEWTON, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently enjoined and restrained from

violating Rule 13b2-1 of the Exchange Act by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

## IV.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant NEWTON, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently enjoined and restrained from violating Rule 13b2-2 of the Exchange Act by, directly or indirectly:

(a) making or causing to be made a materially false or misleading statement, or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (1) any audit or examination of the financial statements of any issuer required to be made pursuant to the rules and regulations under the Exchange Act or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to the provisions of the Exchange Act or the rules or regulations thereunder or otherwise.

## V.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant NEWTON, his agents, servants, employees and attorneys-in-fact, and those persons in active concert or participation with them, who receive actual notice of the Final Judgment, by personal service or

otherwise, and each of them, hereby are permanently restrained and enjoined from violating Sections 16(a) of the Exchange Act and Rules 16a-2 and 16a-3 promulgated thereunder by failing within ten (10) days after acquiring, or materially changing, directly or indirectly, whether singly or as part of a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, voting or disposing of securities, the beneficial ownership of more than ten (10) percent of:

    (a)    any equity security or class which is registered pursuant to Section 12 of the Exchange Act,

    (b)    any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act, or

    (c)    any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940

to file or cause to be filed with the Commission, and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the statements containing information required by Section 16(a) of the Exchange Act.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that defendant NEWTON pay a civil penalty of $250,000 pursuant to Sections 21(d)(3) and 21A of the Exchange Act.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant NEWTON pay disgorgement in the amount of $80,000 plus prejudgment interest thereon in the amount of $75,000. Payment of the penalty and the disgorgement and prejudgment interest thereon shall be paid twenty (20) days from the entry of the Final Judgment. Payment is to be made by U.S. Postal money order, certified check, bank cashier's check, or bank money order, made payable to the Securities and Exchange Commission and shall be hand-delivered or mailed to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312, under cover of a letter that identifies the respondent and the name and file number of this proceeding. A copy of the cover letter and of the form of payment shall be simultaneously transmitted to Gregory S. Bruch, Esq., Securities and Exchange Commission, Division of Enforcement, 450 Fifth Street, N.W., Washington, D.C. 20549-0703.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the annexed Consent be, and the same hereby is, incorporated herein by reference with the same force and effect as if fully set forth herein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

## X.

There being no just cause for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

_____
UNITED STATES DISTRICT JUDGE

Dated: Tampa, Florida
_____, 2001