UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

FREDERIC S. SCHADT,

Defendant.

95-1583-CIV-T-23-B
Hon. Judge Merryday

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO FREDERIC S. SCHADT

Plaintiff Securities And Exchange Commission ("Commission"), having duly commenced this action by filing its Complaint, and defendant Frederic S. Schadt ("SCHADT"), in his Consent and Undertaking of Frederic S. Schadt ("Consent"), having entered a general appearance herein, admitted the jurisdiction of this Court over him and over the subject matter of this action, waived filing of an Answer to the Complaint, waived the entry of findings of fact and conclusions of law pursuant to Fed. R. Civ. P. Rule 52, and without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, which defendant SCHADT admits, and without trial, argument or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment Of Permanent Injunction and Other Relief as to Frederic S. Schadt ("the Stipulated Final Judgment") which (i) permanently restrains and enjoins defendant SCHADT from violating Sections 10(b) and 13(d) of the Securities Exchange Act of 1934 (Exchange Act), and Exchange Act Rules 10b-5 and 13d-1 thereunder, (ii) orders defendant SCHADT to pay $30,305 (the agreed sum) pursuant to Sections 21(d)(3) and 21A of the Exchange Act, and (iii) orders defendant SCHADT to disgorge the allegedly unjust enrichment



described in the Complaint of $30,305 plus prejudgment interest thereon in the amount of $22,617; and it further appearing that this Court has jurisdiction over defendant SCHADT and the subject matter hereof, and the Court being fully advised in the premises:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant SCHADT, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently enjoined and restrained from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to:

(a) employ any device, scheme or artifice to defraud;

(b) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant SCHADT, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently enjoined and restrained from violating Section 13(d) of the Exchange Act and Rule 13d-1 thereunder by failing within ten (10) days after materially changing, directly or indirectly, whether singly or as part of a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, voting or disposing of securities, the beneficial ownership of more than five (5) percent of

(a) any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, or

(b) any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act, or

(c) any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940

to file or cause to be filed with the Commission, and to send or cause to be sent to the issuer of such equity security and to any national securities exchange where such equity security is traded, the statements containing information required by Section 13(d) of the Exchange Act.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that defendant SCHADT pay a civil penalty of $30,305 pursuant to Sections 21(d)(3) and 21A of the Exchange Act.

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant SCHADT pay disgorgement in the amount of $30,305 representing the amount of the alleged unjust gains from the conduct alleged in the Complaint plus prejudgment interest thereon in the amount of $22,617. Payment shall be paid twenty (20) days from the entry of the Final Judgment. Payment is to be made by U.S. Postal money order, certified check, bank cashier's check, or bank money order, made payable to the Securities and Exchange Commission and shall be hand-delivered or mailed to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312, under cover of a letter that identifies the respondent and the name and file number of this proceeding. A copy of the cover letter and of the form of payment shall be simultaneously transmitted to Gregory S. Bruch, Esq., Securities and Exchange Commission, Division of Enforcement, 450 Fifth Street, N.W., Washington, D.C. 20549-0703.

### V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the annexed Consent be, and the same hereby is, incorporated herein by reference with the same force and effect as if fully set forth herein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

## VII.

There being no just cause for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

_____
UNITED STATES DISTRICT JUDGE

Dated: Tampa, Florida
January 23rd, 2001